IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TETHYS BIOSCIENCE, INC.,

    Plaintiff,

  v.

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. and IVOR R. ELRIFI,

    Defendants.
                                /

No. C 09-5115 CW

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE

(Docket No. 11)

    Defendants Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. and Ivor R. Elrifi move to dismiss Plaintiff Tethys Bioscience, Inc.'s complaint in its entirety and to strike Plaintiff's request for punitive damages. Plaintiff opposes the motions. The motions were taken under submission on the papers. Having considered the papers submitted by the parties, the Court GRANTS Defendants' Motion to Dismiss and DENIES without prejudice Defendants' Motion to strike.

## BACKGROUND

    Plaintiff is a biotechnology corporation with its primary place of business in Emeryville, California. Plaintiff engaged Defendant Mintz Levin, a law firm with offices in California, to prosecute a patent application for a purported invention related to

the identification of biological markers associated with diabetes. Plaintiff alleges that Mintz Levin disclosed its confidential information to American Type Culture Company, another Mintz Levin client. Mintz Levin is prosecuting a patent application on behalf of American Type for a purported invention related to diabetes. Mintz Levin did not disclose to Plaintiff its concurrent prosecution of American Type's application.

Plaintiff maintains that improper disclosure occurred because language from its confidential patent applications appears in American Type's patent applications. On Plaintiff's behalf, Mintz Levin filed a provisional patent application with the United States Patent and Trademark Office (PTO) in October, 2005. The patent application was not published or otherwise publicly disclosed when filed. In September, 2006, Mintz Levin filed a provisional patent application with the PTO on behalf of American Type. Plaintiff maintains that material portions of American Type's later-filed application are identical to its October, 2005 application.

Plaintiff also alleges that Mintz Levin improperly disclosed portions of its international patent application, filed pursuant to the Patent Cooperation Treaty (PCT). Plaintiff claims that American Type's PCT application contains language identical to its own PCT application. In particular, Plaintiff cites paragraphs in both applications that describe the field of the purported inventions. Plaintiff's PCT application provides:

> The present invention relates generally to the identification of biological markers associated with an increased risk of developing Diabetes, as well as methods of using such biological markers in diagnosis and prognosis of Diabetes.

Plaintiff's Request for Judicial Notice (RJN),[1] Ex. 1 at 1:22-24. American Type's PCT application provides:

> The present invention relates generally to the identification of biological markers associated with an increased risk of developing Diabetes, as well as methods of using such biological markers in diagnosis and prognosis of Diabetes. Furthermore, selected biological markers of the present invention present new targets for therapy and constitute new therapeutics for treatment or prevention of Diabetes.

RJN, Ex. 2 at 1:5-9. Plaintiff alleges that there are additional instances of copying, but the "similarities are too voluminous to set forth on the face of this Complaint." Compl. ¶ 14. At the time American Type's PCT application was filed, Plaintiff's application had not yet been published.

The PTO has not rendered a decision on Plaintiff's or American Type's patent applications.

Plaintiff's complaint seeks relief for "breach of duty by attorneys," breach of fiduciary duty and conversion. It claims that it has suffered damage "in an amount not yet ascertained." Compl. ¶¶ 24 and 29. With regard to its claim for conversion, Plaintiff asserts that the "Tethys Provisional Patent Application of October 11, 2005, and the PCT Application of October 11, 2006, were the sole property of Tethys." Compl. ¶ 32.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule

---

[1] The Court grants Plaintiff's Request for Judicial Notice. The documents for which Plaintiff seeks judicial notice contain facts that are not subject to reasonable dispute. Fed. R. Evid. 201.

12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

                              DISCUSSION

I.   Motion to Dismiss

    A.   "Breach of Duty by Attorney"

    Plaintiff asserts a claim for "breach of duty by attorney." It maintains that Defendants violated California Business & Professions Code § 6068(e)(1) and Rule 3-100(a) of the Rules of Professional Conduct of the State Bar of California, both of which address an attorney's duty to maintain a client's confidences. Plaintiff also asserts that this claim rests upon Defendants' alleged violation of the attorney-client privilege.

    As Defendants correctly argue, neither Rule 3-100(a) nor § 6068(e)(1) gives rise to a freestanding cause of action. See BGJ Assocs., LLC v. Wilson, 113 Cal. App. 4th 1217, 1227 (2003) ("A violation of the Rules of Professional Conduct subjects an attorney to disciplinary proceedings, but does not in itself provide a basis

4

1 for civil liability."). Instead, the rule and the statute "help
2 define the duty component of the fiduciary duty which the attorney
3 owes to his or her client." Id. As noted, Plaintiff also asserts
4 a claim for breach of fiduciary duty, the viability of which is
5 discussed below. Neither case cited by Plaintiff establishes that
6 an attorney's alleged violation of the rule or the statute create
7 an independent tort claim for "breach of duty by attorney." See
8 David Welch Co. v. Erskine & Tulley, 203 Cal. App. 884, 890 (1988)
9 (evaluating breach of fiduciary duty claim); Day v. Rosenthal, 170
10 Cal. App. 3d 1125, 1147 (1985) (evaluating legal malpractice
11 claim).

12 Similarly, Plaintiff offers no authority to support its
13 assertion that an alleged breach of the attorney-client privilege
14 supports this cause of action. As Plaintiff acknowledges, the
15 privilege relates to evidentiary issues, not a professional duty.
16 See Opp'n at 6.

17 Accordingly, Plaintiff has not shown that there is a
18 cognizable claim for "breach of duty by attorney" independent of
19 its breach of fiduciary duty claim. This claim is dismissed with
20 prejudice.

21     B.    Breach of Fiduciary Duty

22 The "relation between attorney and client is a fiduciary
23 relation of the very highest character." Am. Airlines v. Sheppard,
24 Mullin, Richter & Hampton, 96 Cal. App. 4th 1017, 1044 (2002)
25 (citation omitted). This fiduciary relationship includes an
26 attorney's duty to protect a client's confidences and a duty of
27 loyalty. Id. To maintain a claim for a breach of fiduciary duty,
28 a plaintiff must allege: "(1) existence of a fiduciary duty;

5

(2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." Stanley v. Richmond, 35 Cal. App. 4th 1070, 1086 (1995).

Plaintiff has not sufficiently plead the damage element of this claim. The complaint contains a vague allegation that Plaintiff has suffered damage "in an amount not yet ascertained." Compl. ¶ 29. This represents nothing more than a threadbare recitation of the claim's elements, which is not sufficient. See Iqbal, 129 S. Ct. at 1949. Further, as Defendants note, the PTO has not yet adjudicated Plaintiff's patent application. This casts doubt on whether, at this point in time, Plaintiff has suffered damage attributable to Defendants' alleged breach.

Accordingly, Plaintiff's claim for breach of fiduciary duty is dismissed with leave to amend to allege facts to support its assertion that it has suffered damage.

C. Conversion

Under California law, a claim for conversion requires a plaintiff to allege (1) "ownership or right to possession of property;" (2) a defendant's wrongful act toward the property, causing interference with the plaintiff's possession; and (3) damage to the plaintiff. PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 394 (2007). A plaintiff must allege the following to show that a property right exists: "First, there must be an interest capable of precise definition; second, it must be capable of exclusive possession or control; and third, the putative owner must have established a legitimate claim to exclusivity." Kremen v. Cohen, 337 F.3d 1024, 1030 (9th Cir. 2003) (quoting G.S. Rasmussen &

6

Assocs., Inc. v. Kalitta Flying Serv., Inc., 958 F.2d 896, 906 (9th Cir. 1992)).

Plaintiff alleges that Defendants used its patent applications for the benefit of another client, which constituted Defendants' wrongful dominion over its personal property. Although Plaintiff is correct that California law recognizes conversion of intangible personal property, see Kremen, 337 F.3d at 1030 (holding that a plaintiff had an intangible property right to an Internet domain name), Plaintiff does not provide authority to show that its patent applications can be subject to conversion. In contrast to Kremen, Plaintiff has not plead a legitimate claim to exclusivity. As mentioned above, Plaintiff's applications have not ripened into patents. And to the extent that Plaintiff's conversion claim rests on the use of ideas in its applications, it fails. "The tort of conversion doesn't to apply to ideas." Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779, 793 (2003).

Even if Plaintiff identified a form of property susceptible to conversion, its complaint does not contain any allegation that the purported conversion caused it damage. For this reason alone, Plaintiff's conversion claim must be dismissed.

Accordingly, Plaintiff's claim for conversion is dismissed with leave to amend to allege property susceptible to conversion and to allege damage.

II. Motion to Strike

Defendants move to strike Plaintiff's request for punitive damages. Because the Court dismisses Plaintiff's complaint with leave to amend, a decision on this motion is premature; Defendants' motion to strike is thus denied without prejudice.

7

Punitive damages are available for breach of fiduciary duty and conversion claims. See, e.g., Am. Airlines, Inc., 96 Cal. App. 4th at 1051 (breach of fiduciary duty); Lackner v. North, 135 Cal. App. 4th 1188, 1212 (2006) (conversion). However, if Plaintiff seeks punitive damages in an amended complaint, it must plead adequate factual support. The current complaint states that Defendants' conduct was "malicious, fraudulent and oppressive." Compl. ¶¶ 30 and 33; see Cal. Civ. Code § 3294. This merely recites the characteristics of conduct warranting the award of punitive damages under California Civil Code § 3294. Moreover, to the extent that Plaintiff seeks punitive damages based on fraudulent conduct, it must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Although Plaintiff correctly notes that state of mind may be averred generally, Rule 9(b) requires pleading the circumstances of the alleged fraud with particularity.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss (Docket No. 11). Plaintiff's claim for "breach of duty by attorneys" is dismissed with prejudice because Plaintiff has not established the existence of such a claim. Plaintiff's breach of fiduciary duty and conversion claims are dismissed with leave to amend to cure the deficiencies noted above. The Court DENIES without prejudice Defendants' Motion to Strike Plaintiff's request for punitive damages. Defendants may renew their motion to strike if Plaintiff files an amended complaint.

Plaintiff may file an amended complaint within twenty-one days from the date of this order. If Plaintiff does so, Defendants may

8

file a motion to dismiss three weeks thereafter, with Plaintiff's opposition due two weeks following and Defendants' reply due one week after that. Defendants' motion, if one is filed, shall be taken under submission on the papers. Unless the case has been dismissed, a case management conference shall be held on April 20, 2010 at 2:00 p.m.

IT IS SO ORDERED.

Dated: December 9, 2009

CLAUDIA WILKEN
United States District Judge